IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARBARA FISHER, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| ELEKTA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Barbara Fisher (hereinafter "Plaintiff"), and files this lawsuit against Defendant Elekta, Inc. (hereinafter "Defendant"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Elekta, Inc.

1

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Elekta, Inc. is now, and at all times relevant to this action has been, a corporation conducting business within this judicial district; Plaintiff was employed by Defendant to perform services within this judicial district; and the unlawful employment practices described herein occurred at 4775 Peachtree Industrial Blvd., Norcross, GA, 30092.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Defendant Elekta Inc. may be served with process by delivering copies of the summons and complaint to Defendant Elekta Inc.'s registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia, 30092.

6.

Plaintiff is a citizen of the United States of American; a resident of the State of Georgia, residing in Suwanee, Georgia 30024; and is subject to the jurisdiction of this Court.

### IV. Facts

7.

Plaintiff worked for the Defendant from August 2000 through July 22, 2010 and was a Contract Administrator within the last three years.

8.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

9.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

10.

Defendant employed the named Plaintiff during the relevant time period.

11.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

12.

Defendant Elekta, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.  Defendant had discretion to control Plaintiff's payroll and overtime compensation.  Defendant had discretion to control the hiring and firing of Plaintiff.  Defendant had discretion to control Plaintiff's working conditions.  Defendant had discretion to set Plaintiff's wages.  Defendant had discretion to exercise significant control over Plaintiff.

13.

Defendant Elekta, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

Defendant is governed by and subject to FLSA § 4 and FLSA §7, 29 U.S.C. §204 and §207.

15.

Plaintiff worked for the Defendant within the past three years performing non-exempt work in sales. Plaintiff's duties consisted of memorializing sales and services terms in writing. She prepared contracts using form provisions, and the costs of services were standardized. Plaintiff was not able to deviate from these standards without approval from the legal department.

16.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

19.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 23rd day of January, 2011.

**BARRETT & FARAHANY, LLP**


/s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Barbara Fisher

1401 Peachtree Street
Suite 101
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile